UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARSHA BETH BREWER,

    Plaintiff,

v.                                                                Case No. 04-C-0694

WISCONSIN BOARD OF BAR EXAMINERS, *et al.*,

    Defendants.

**ORDER**

Plaintiff Marsha Beth Brewer seeks admission to the Wisconsin bar. Having failed to obtain it, she has sued the State of Wisconsin, its Board of Bar Examiners and the members thereof, two of the Board's staff, and the justices of the Wisconsin Supreme Court. Brewer's amended complaint asserted claims under the Americans with Disabilities Act (ADA), the Vocational Rehabilitation Act of 1973, the Fourth Amendment and the due process and equal protection clauses of the Fourteenth Amendment. In its Order of October 24, 2005, the court dismissed all of plaintiff's claims except her claim under the Rehabilitation Act. On October 28, 2005, defendants moved to stay all discovery except discovery concerning whether plaintiff can meet the federal funding prerequisites for a claim under the Rehabilitation Act. Plaintiff opposes the stay, and has moved for leave to take an interlocutory appeal from the court's Order of October 24.[1] Plaintiff has also filed two motions for injunctive relief.

---

[1] 28 U.S.C. § 1291 permits a plaintiff to appeal a final decision of this court. No such decision has been entered. Plaintiff therefore asks the court to permit her to take an interlocutory appeal under 28 U.S.C. § 1292.

Plaintiff's motion for leave to take an interlocutory appeal will be denied. 28 U.S.C. § 1292(b) provides that a plaintiff may appeal an interlocutory order when the district court "shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Plaintiff provides no explanation of why an interlocutory appeal is appropriate at this juncture. The mere fact that a plaintiff is dissatisfied with an interlocutory ruling of the district court is not grounds for an interlocutory appeal. *Cf. Narragansett Indian Tribe v. Guilbert,* 934 F.2d 4, 8 (1st Cir. 1991) ("Hope may spring eternal, but the decision to pursue an interlocutory appeal should be based on the law and the evidence, realistically viewed after diligent inquiry, not merely on dissatisfaction with a legally unremarkable result or on a Leibnitzian assessment of a litigant's prospects."). Plaintiff may still obtain the relief she seeks under the Rehabilitation Act. If she does not, she will have ample opportunity to appeal once litigation before this court concludes.

In the interest of concluding this litigation expeditiously, defendants' motion for a stay will be **GRANTED.** Defendants shall not be required to respond to plaintiff's motions for injunctive relief until 21 days after the lifting of the stay. Plaintiff's motion for leave to take an interlocutory appeal is **DENIED.**

**SO ORDERED.**

Dated this   10th   day of November, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

2

Case 2:04-cv-00694-WCG    Filed 11/14/05    Page 2 of 2    Document 45