# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARSHA BETH BREWER,

        Plaintiff,

    v.                              Case No. 04-C-694

WISCONSIN BOARD OF BAR EXAMINERS,

        Defendant.

## ORDER DENYING MOTIONS FOR INJUNCTION

Plaintiff Marsha Beth Brewer sued the Wisconsin Board of Bar Examiners and the members thereof, two of the board's staff and the Justices of the Supreme Court for refusing to admit her to the Wisconsin State Bar. Plaintiff asserted claims under American's with Disabilities Act, the Vocational Rehabilitation Act of 1973, the Fourth Amendment and the Due Process and Equal Protection clauses of the Fourteenth Amendment. In a decision entered on October 24, 2005, the court dismissed all of plaintiff's claims with the exception of the Rehabilitation Act claim. The defendants thereafter sought and were granted leave to file a motion for summary judgment on the threshold issue of whether the federal funding prerequisite for a claim under the Rehabilitation Act of 1973 was present. All proceedings, with the exception of discovery to address this narrow issue, were stayed.

In response to the decision, the plaintiff filed an appeal and also two motions for injunctive relief. One motion seeks an order directing the defendants to issue her a license to practice law in Wisconsin. The second seeks an order directing the defendants to stop operating the public service of Wisconsin attorney licensing in a discriminatory manner. The court initially viewed the motions as requests for permanent relief and included them under the stay. However, at a Rule 16 telephone

conference, plaintiff indicated the motions were intended to obtain interim relief and requested to proceed on them at this time. Having considered the motions and the entire file in this matter, the court will summarily deny both motions.

To obtain a preliminary injunction, a plaintiff must demonstrate a likelihood that she will prevail on the merits of the lawsuit, that there is no adequate remedy at law, and that it will suffer irreparable harm without injunctive relief. Once these requirements are met, the court must then balance the degree of irreparable harm to the plaintiff against the harm that the defendant will suffer if the injunction is granted. *Incredible Technologies, Inc. v. Virtual Technologies, Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). Plaintiff's filings, to the extent they request injunctive relief, fail to set forth facts sufficient to support a finding as to any of the prerequisites for preliminary relief. Furthermore, having carefully reviewed plaintiff's claims in the course of my previous decision, the court is satisfied that she has failed to establish a likelihood of success on the merits.

The court also notes that this case was commenced more than a year ago. Shortly after the case was filed, the court held a hearing on plaintiff's request for injunctive relief and concluded that she failed to establish, not only a likelihood of success on the merits, but also the lack of an adequate remedy at law. More than a year has expired since that time and plaintiff has failed to seek preliminary relief. This also suggests that her claim of irreparable harm or the lack of an adequate remedy is without basis. Accordingly, the court concludes that plaintiff's motions for injunctive relief should be summarily denied.

**SO ORDERED**.

Dated this   18th   day of November, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

2