UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARSHA BETH BREWER,

        Plaintiff,

v.                        Case No. 04-C-0694

WISCONSIN BOARD OF BAR EXAMINERS, *et al.*,

        Defendants.

**ORDER**

Plaintiff Marsha Beth Brewer filed suit against the State of Wisconsin, its Board of Bar Examiners and the members thereof, two of the Board's staff, and the justices of the Wisconsin Supreme Court after the Board ordered her to submit to a psychological examination as a precondition to taking action on her application for admission to the bar. As a result of prior court orders, Brewer's only remaining claim against defendants is for violation of the Americans with Disabilities Act ("ADA"). Defendants have filed a motion for summary judgment, upon which the court has yet to rule. Meanwhile, defendants have filed a motion for a protective order, a motion to substitute defendant names in the caption, and a motion to strike Brewer's dispositive motions as untimely (or alternatively, to stay proceedings on them pending resolution of defendants' timely dispositive motions); for her part, Brewer has filed, *inter alia*, a motion to join a defendant and a motion to join plaintiffs. For the following reasons, defendants' motions will be granted, and plaintiff's joinder motions, denied.

**1. Protective Order**

It is within a district court's discretion to enter a protective order staying discovery until after resolution of a pending summary judgment motion when that discovery is not needed to respond to the motion. *See Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999); *Reimann v. Murphy*, 897 F.Supp. 398, 405-06 (E.D. Wis. 1995). Several factors lead me to grant the protective order requested. First, Brewer had ample time to request discovery after defendants filed their motion for summary judgment. In fact, she requested, and was granted, an extension for responding to defendants' summary judgment motion.[1] At no time while defendants' summary judgment motion was being briefed did Brewer request any additional response time for discovery related to her response. Second, discovery is unnecessary to the resolution of defendants' pending motion for summary judgment. And finally, as no trial date is set, Brewer will have ample time for discovery if the summary judgment motion is denied. Alternatively, if that motion is granted, her discovery requests become moot. Defendants' motion for a protective order will therefore be granted.

**2. Substitution of Defendants' Names**

Under Fed. R. Civ. P. 25(d), once defendants sued in their official capacity cease to hold office, they are automatically replaced in the action by their successors. *See* Fed. R. Civ. P. 25(d)(1). As Brewer's remaining claims are against defendants in their official capacities only, defendants' motion to substitute party defendant names in the caption of the case will be granted. In the event Brewer wishes to appeal prior rulings of this court that eliminated individual capacity claims from this action, the appellate court may reinstate any party defendant as to whom jurisdiction was previously obtained.

---

[1] In an order issued August 8, 2006, this court granted plaintiff's request for extension, giving her until August 21, 2006, to respond to defendants' motion for summary judgment.

2

**3. Brewer's Untimely Dispositive Motions**

By an order entered on May 11, 2006, this court set July 5, 2006, as the last date that dispositive motions could be submitted, and expressly stated that any timely submitted dispositive motions would be governed by Civil L.R. 7.1(c). (Margin Order of 5/11/06, Dkt. 83.) After Brewer requested an extension of her response deadline, and after defendants expressed that they did not object, the court gave Brewer until August 21, 2006, to file any materials responding to defendants' summary judgment motion. (Margin Order of 8/8/06, Dkt. 94.) On that day, Brewer filed, without leave of the court or defendants' consent, several dispositive motions and supporting materials: a motion for declaratory judgment on the federal law concerning her ADA and Rehabilitation Act claims and a brief in support of same (Dkt. 97, 98), proposed findings of fact and conclusions of law supporting plaintiffs' motions for injunctions and declaratory judgment on the application of federal non-discrimination law to state attorney licensing (Dkt. 99), and a brief and affidavit supporting a motion for summary judgment on the issue of inconsistency between certain elements of an ADA claim (Dkt. 100, 101). On August 24, 2006, again without leave of the court or defendants' consent, she filed a motion for summary judgment on the inconsistency issue. (Dkt. 108.)

If a party misses a filing deadline, Fed. R. Civ. P. 16(b) provides that the "schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . . ." Fed. R. Civ. P. 16(b). Brewer did not acknowledge the untimeliness of these filings, much less attempt to obtain leave of the court. Furthermore, she has not attempted to show good cause that might excuse the tardiness. Brewer's arguments here do not address her untimeliness, but instead address concerns over what a jury might hear if the case goes to trial. Such concerns can be addressed via motions *in limine*, should the case go to a jury trial, but they do not warrant an abandonment of the

3

motions schedule already set forth. Defendants' motion to strike plaintiff's untimely dispositive motions and supporting documents will therefore be granted.

**4. Joinder of Plaintiffs and Defendants**

Plaintiff's motions to join defendant Wisconsin Division of Vocational Rehabilitation and to join an unspecified number of plaintiffs will be denied. The delay and prejudice of joining parties in these circumstances—over two years after the action commenced, with dispositive motions already submitted, and with no exigent circumstances—should be apparent. As to the motion to join defendant, state law determines whether entities may be sued. *See, e.g.*, Fed. R. Civ. P. 17(b); *Busby v. Elec. Utils. Employees Union*, 323 U.S. 72, 73 (1944). Under Wisconsin law, the Wisconsin Division of Vocational Rehabilitation is merely a division of the Wisconsin Department of Health and Social Services, rather than a stand-alone agency, and thus may not be sued. *See, e.g.*, Wis. Stat. §§ 15.105(22), 46.56(14), 47.01(1m), 47.02(1) to (3m)(a), 47.03, 47.04, 47.05. Furthermore, this court has already fully resolved the claims Brewer seeks to bring against the Wisconsin Division of Vocational Rehabilitation. *Brewer v. Wisconsin Bd. of Bar Examiners*, No. 04-C-0694, 2006 WL 752922, *3 and *5 (E.D. Wis. March 22, 2006).

Brewer has moved to join as plaintiffs Wisconsin attorneys Amy R. Starobin and Heather A. Rippl, both of whom, according to Brewer, were subjected to searches of their psychological records and required to undergo psychological evaluations when applying for the Wisconsin bar. It appears that Brewer seeks to join them involuntarily. (Pl.'s Reply Br., Dkt. #124 at 3.) Brewer also seeks to join unnamed bar applicants subjected to similar searches and requirements (which applicants she has yet to locate). Brewer argues that these plaintiffs are indispensable parties. However, Brewer has failed to meet her burden of demonstrating that justice cannot be done unless

4

the proposed new plaintiffs are joined. *See Spartech Corp. v. Opper*, 890 F.2d 949, 954 (7th Cir. 1989) ("The test for an indispensable party is whether justice cannot be done unless it is joined."); *Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir. 1993), *reh. denied, cert. denied*, 510 U.S. 868 (1993) (noting failure of movant to meet burden of showing that joinder was required). Any judgment rendered in the instant case will leave the proposed plaintiffs in the same legal positions they now occupy, and "complete relief is possible" between Brewer and defendants without adding new plaintiffs. *Fidelity & Cas. Co. of New York v. Tillman Corp.*, 112 F.3d 302, 304 (7th Cir. 1997), *cert. denied*, 522 U.S. 864 (1997). Brewer has also moved to join as plaintiff Charles Garnier, an advocate for persons with mental illness. However, given that Garnier has not been injured and has alleged no injury, he lacks standing.

**IT IS THEREFORE ORDERED** that defendants' motion for a protective order (Dkt. 132) is granted and the deadline for any responses, objections, or requests for relief regarding all discovery requests that Brewer has made or may make before this court's resolution of defendants' motion for summary judgment be extended to 30 days after said motion is resolved.

**IT IS FURTHER ORDERED** that defendants' motion to substitute parties (Dkt.138) is granted and the following substitutions shall be made: (1) the Wisconsin Supreme Court Justice Louis B. Butler shall be substituted for former Justice Diane S. Sykes; (2) Ruthann Janto-Wolter shall be substituted for defendant Gene Rankin; and (3) Mark J. Baker, Thomas M. Boykoff, Charles H. Constantine, Carolyn Milanés Dejoie, James L. Huston, and James A. Morrison shall be substituted for defendants Curtis Brieske, Robert J. Janssen, Harry Maier, John O. Olson, Catherine M. Rottier, and Eric J. Wahl.

5

**IT IS FURTHER ORDERED** that the defendants' motion to strike (Dkt. 113) is granted and the following motions and documents be stricken: (1) plaintiff's motion for declaratory judgment on the federal law concerning her ADA and Rehabilitation Act claims (Dkt. 97); (2) plaintiff's brief in support of said motion (Dkt. 98); (3) plaintiff's proposed findings of fact and conclusions of law supporting plaintiff's motions for injunctions and declaratory judgment on the application of federal non-discrimination law to state attorney licensing (Dkt. 99); (4) plaintiff's brief and affidavit supporting a motion for summary judgment on the issue of inconsistency between certain elements of an ADA claim (Dkt. 100, 101); and (5) plaintiff's motion for summary judgment on the inconsistency issue (Dkt. 108).

**IT IS FURTHER ORDERED** that plaintiff's motions to join defendants (Dkt. 95) and to join plaintiffs (Dkt. 102) be **DENIED**.

Dated this   30th   day of October, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
