UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARSHA BETH BREWER,

    Plaintiff,

v.                                      Case No. 04-C-0694

WISCONSIN BOARD OF BAR EXAMINERS, *et al.*,

    Defendants.

## ORDER DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

Plaintiff Marsha Brewer brought suit in this court against defendants, asserting various claims related to the handling of her Wisconsin bar application. This court's recent order of dismissal, combined with earlier orders dismissing various claims and/or defendants, disposed of all of plaintiff's claims. (*See* Order of Feb. 14, 2007; Dkt. #174.) Plaintiff has now filed a motion for leave to appeal *in forma pauperis* (IFP).

The federal IFP statute, 28 U.S.C. § 1915, ensures indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915 authorizes an indigent party to commence a federal court action, without costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a). A plaintiff seeking to appeal a district court action without payment of the filing fee, which is presently $455, must attach an affidavit that shows in detail the party's inability to pay, claims an entitlement to redress, and states the issues that the party intends to present on appeal.

*See* Fed. R. App. P. 24(a)(1)(C). A non-prisoner plaintiff who was permitted to proceed IFP in the district court action may generally appeal IFP without further authorization. *See* Fed. R. App. P. 24(a)(3); 28 U.S.C. § 1915(b)(1). This provision is inapplicable here, for plaintiff did not request to proceed IFP in the district court action, but rather paid the filing fee.

Plaintiff has filed the required affidavit in an effort to establish her indigence. Precise guideposts in this matter appear unavailable, as neither the federal IFP statute, 28 U.S.C. § 1915, nor the appellate IFP rule, Fed. R. App. P. 24, sets forth any criteria for granting leave to proceed IFP on appeal. The appellate rule merely requires the judge to give reasons if he denies leave. Fed. R. App. P. 24(a). However, IFP status is generally reserved for those plaintiffs who are truly indigent and have no income or assets with which to pay the required filing fee. *See* 28 U.S.C. § 1915.

The court is not satisfied that plaintiff meets the poverty requirements of 28 U.S.C. § 1915. A review of plaintiff's affidavit reveals that she is presently unemployed and single, and has no legal dependents or significant intangible property assets. Her monthly expenses are on par with her monthly income, which appears to consist solely of Social Security disability benefits. However, plaintiff indicates she has about $50,000 in equity in her home, which is valued at approximately $104,000. Fifty thousand dollars is a considerable sum and precludes a finding the plaintiff is indigent. It is not unreasonable for a plaintiff in these circumstances, especially one who believes in the merits of her appeal and seeks damages, to pay the filing fee. I note that plaintiff's financial circumstances are nearly identical to those described in *Clohessy v. St. Francis Hosp. & Healthcare*, No. 98-C-4818, 1999 WL 46898 (N.D. Ill. Jan. 28, 1999), where the court denied IFP status to a plaintiff on account of her $50,000 equity in a home valued at $100,000.

2

Based on the foregoing, the court concludes that plaintiff is not indigent. Plaintiff's motion for leave to proceed *in forma pauperis* is therefore **DENIED.** Plaintiff is ordered to pay the full filing fee within 21 days of the date of this order.

Dated this   22nd   day of February, 2007.

          s/ William C. Griesbach
          William C. Griesbach
          United States District Judge