UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARSHA BETH BREWER,

    Plaintiff,

v.                                                Case No. 04-C-0694

WISCONSIN BOARD OF BAR EXAMINERS, *et al.*,

    Defendants.

**ORDER DENYING MOTION TO AWARD COSTS AND
GRANTING MOTION TO UNSEAL DOCUMENT**

Plaintiff Marsha Brewer brought suit in this court against defendants, asserting various claims related to the handling of her Wisconsin bar application. Numerous court orders eventually narrowed the case to a single issue: whether the Wisconsin Board of Bar Examiners ("the Board") violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, when it ordered bar applicant Brewer, who has a history of mental illness, to undergo a psychological evaluation at her own expense as a precondition to evaluating her application. The Board offered to reopen her application without this requirement, and then moved to dismiss the remaining claims as moot, arguing that their offer gave Brewer the only relief to which she was then entitled. The court granted the Board's motion to dismiss, and judgment was entered on February 14, 2007, dismissing on the merits and with prejudice all of Brewer's claims for monetary relief, and dismissing her claims for declaratory and injunctive relief as moot. (Judgment of February 14, 2007.) On March 6, 2007, Brewer filed a motion for an award of costs pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C.

§ 1920. The Board has filed a response brief, arguing that the motion should be denied for any one of three grounds: the motion is untimely; Brewer is not a prevailing party; and the costs are insufficiently documented or otherwise unwarranted. Brewer has not filed a brief in reply. For the reasons set forth below, Brewer's motion will be denied.

Defendants have also filed a motion to unseal Brewer's motion for leave to proceed *in forma pauperis* on appeal. Brewer has not responded to that motion. For the reasons set forth near the conclusion of this order, that motion will be granted.

**DISCUSSION**

**I. Motion to Award Costs**

**A. Timeliness**

With several exceptions not applicable here, a court is to award a prevailing party costs other than attorney's fees "unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). While Rule 54(d)(1) sets no deadline within which a prevailing party must request these costs, one of this district's local rules does:

> The party in whose favor a judgment for costs is awarded or allowed by law and who claims the party's costs must, after the judgment has been entered, serve on the attorney for the adverse parties and file with the Clerk of Court the party's bill of costs. . . . Such service and filing must be made not later than 14 days after entry of the judgment. If a timely motion for a new trial or amendment of judgment has been made pursuant to Fed. R. Civ. P. 59, time for filing the bill of costs commences to run from the entry of the order granting or denying such motion. The parties, by filing a stipulation with the Clerk of Court's office, may delay the filing of the bill of costs and taxing until after decision by the Court of Appeals or Supreme Court when an appeal is taken. Absent such a filed stipulation or court order, the appeal must not delay the taxing of costs.

Civil L.R. 54.1(a).[1] It is also noteworthy that, according to the procedure set forth by the local rule, the prevailing party is to file its bill of costs with the clerk of court. *Id.* The parties' positions and objections may then be set forth in briefs, submitted to the clerk as well, according to the schedule set forth in Civil L.R. 54.1(b). The local rule establishes a streamlined procedure whereby the clerk fixes the costs and decides any disputes, with the judge stepping in to exercise his or her discretion only if either party complains about the clerk's assessment. 10 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2679, at 486 (3d ed. 1998) ("After costs have been fixed by the clerk, a motion may be made for the judicial review of the clerk's action."); *id.* at 488 ("The function of the court in the process of taxing costs is merely to review the determination of the clerk."). The rule ensures that the court will promptly settle questions about costs, and that the court of appeals will be able to consolidate an appeal from the cost determination with any appeal on the merits. *See Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988) (commenting on the practicality of an Illinois local rule governing cost requests).

Rather than file her bill of costs with the clerk of court, Brewer filed a motion to be awarded costs as a prevailing party. However, her deviation from the normal course of procedure should not bring her a windfall. That is, it would make little sense to permit Brewer to circumvent the deadline imposed by the local rule simply because she seeks her costs through a motion rather than through a request filed with the clerk. If that were allowed, a prevailing party who failed to request costs

---

[1] District courts are free to adopt local rules establishing standards for timely filing of requests for costs. *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 454 n.17 (1982).

3

in timely fashion from the clerk could simply seek them in a motion, and suffer no adverse consequences for its noncompliance with the local rule.

Under the local rule, Brewer had 14 days after entry of judgment to request costs by filing a bill of costs with the clerk of court. Since judgment was entered on February 14, 2007, her deadline was 14 days later, or February 28, 2007. Brewer filed her motion 20 days later, on March 6, 2007, contending that she was a prevailing party, and therefore entitled, under Rule 54(d)(1) and 28 U.S.C. § 1920, to non-attorney costs.[2] Even if the court were to interpret her motion as fulfilling the local rule's requirement to file a bill of costs with the clerk, her response was still six days late. Moreover, the court need not interpret her motion as fulfilling the local rule's requirement. The Seventh Circuit has indicated, albeit in dicta, that where the prevailing party fails to comply with a local rule specifying that costs are to filed with the clerk within a certain time, the court may deny costs *even if* the judge's chambers received the bill of costs in timely fashion. *Matei v. Cessna Aircraft Co.*, 35 F.3d 1142, 1147 n.4 (7th Cir. 1994) (noting that the party seeking costs "incorrectly assumed that the district court would forward its bill to the clerk's office for filing" and that the local rule required "the 'prevailing party,' not the court's staff, to file its bill of costs"). Brewer failed to do even that much, for she failed to submit her motion-*cum*-request in timely fashion.

While compliance with the local rules is important, *FTC v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005), the court has broad discretion to determine how and when to enforce them, and when to excuse noncompliance. *Waldridge v. Amer. Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994); *cf. Brengettcy v. Horton*, 423 F.3d 674, 681 (7th Cir. 2005)("noncompliance with

---

[2] 28 U.S.C. § 1920 limits the types of costs allowed under Rule 54(d)(1). *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987).

4

a court's local rules does not create a jurisdictional bar for the district court or for us."). Discretion to deny a tardy request for costs is also countenanced by Rule 54(d)(1) itself: "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1); *see also White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 454 n.17 (1982) ("[T]he district courts retain discretion under Rules 54(d) and 58 to deny even motions for costs that are filed with unreasonable tardiness.").

Unlike some other jurisdictions, this district's local rule governing cost requests does not specify that a failure to request costs within the specified period will be deemed a waiver. *Cf. Stanford v. Burlington Motor Carriers*, 74 F. Supp. 2d 1155, 1156 (M.D. Ala. 1999); *Dodson Int'l Parts, Inc. v. Altendorf*, No. 00-4134-SAC, 2005 WL 1799247, at *1 (D. Kan. June 29, 2005). Nevertheless, the deadline is clearly set forth: "filing must be made not later than 14 days after entry of the judgment." Civil L.R. 54.1(a). It is unclear whether Brewer, a pro se litigant, knew her filing was late, for she has offered no excuse for her tardiness, nor even made reference to it. Her *pro se* status is no excuse here, for procedural rules apply even to *pro se* litigants, and must be enforced. *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998). Moreover, as a law school graduate, Brewer is not the typical *pro se* litigant.

Based on the untimeliness of her motion, I find that Brewer is not entitled to the costs she seeks. While this might seem a harsh conclusion for filing six days late, courts have denied cost requests filed just one day late where, as here, the party offered no explanation for its tardiness. *Wild v. Alster*, No. Civ.A. 01-0479, 2005 WL 1458283, at *1-*2 (D.D.C. June 17, 2005); *see also Stanford v. Burlington Motor Carriers*, 74 F. Supp. 2d 1155, 1156 (M.D. Ala. 1999) (denying cost request filed nine days late where party offered no explanation for its tardiness and noting unfamiliarity with local rules does not excuse noncompliance). This result is further justified by

5

the fact that Brewer failed to submit *any* request for costs with the clerk of court as the local rule dictates. *See Matei*, 35 F.3d at 1147 n.4.

### B. Prevailing Party

Even if Brewer had timely filed a cost request with the clerk, that request would be denied because she is not a prevailing party, which is a prerequisite to an award of costs under Rule 54(d)(1). Brewer argues that a prevailing party is "one who succeeds on some significant issue in the litigation and thereby achieves some benefit sought in the lawsuit." (Pl.'s Br. at 3.) Brewer is advancing the so-called "catalyst theory," under which a plaintiff is considered a prevailing party if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct.

This widely accepted theory was rejected by the United States Supreme Court in 2001 in the context of fee-shifting provisions of the Fair Housing Amendments Act of 1988 ("FHAA") and the American with Disabilities Act of 1990 ("ADA"). *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Res.*, 532 U.S. 598 (2001). In that case, a corporation operating assisted-living residences sued the state of West Virginia (and other individual and agency state actors), claiming that a particular provision of a state statute violated the FHAA and the ADA. *Id.* at 600-01. While discovery was still pending and prior to any substantive judicial determinations, the state legislature repealed the contested provision, thereby mooting the suit. *Id.* at 601. The corporation then moved for an award of attorney fees as a prevailing party under the "catalyst theory." *Id.* Specifically rejecting that theory, the Court held that a prevailing party, at least in the context of the challenged FHAA and ADA provisions, is one who has been awarded some relief by the court through a judgment on the merits, a settlement agreement enforced through a consent

6

decree, or some other "judicially sanctioned change in the legal relationship of the parties." *Id.* at 604-05. A defendant's voluntary change in conduct, "although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change," and therefore cannot be the basis for asserting that one is the prevailing party. *Id.* at 605.

*Buckhannon* has been applied by the Seventh Circuit to other statutory fee-shifting provisions and by other circuits to the cost-shifting provision of Fed. R. Civ. P. 54(d)(1) as well. The Seventh Circuit has held that *Buckhannon* is conclusively presumed to apply to all fee-shifting statutes employing the term "prevailing party," absent a clearly contrary indication in the statute's text, structure, or legislative history. *Palmetto Properties, Inc. v. County of DuPage*, 375 F.3d 542, 547 (7th Cir. 2004) (citing *T.D. v. LaGrange School Dist. No. 102*, 349 F.3d 469, 475 (7th Cir. 2003)). The rationale is that, as the *Buckhannon* Court noted, "prevailing party" is a legal term of art used in nearly all federal fee-shifting provisions, and so it should be consistently interpreted, when possible, across all federal statutes. *Id.* (citing *Buckhannon*, 532 U.S. at 602-03). Before *Buckhannon* was decided, several circuits had held that the meaning of "prevailing party" is the same in either context—attorney's fees or costs. *E.g., Tunison v. Continental Airlines Corp., Inc.*, 162 F.3d 1187, 1189-90 (D.C. Cir. 1998); *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1180 n. 1 (Fed. Cir.1996); *see also Farrar v. Hobby*, 506 U.S. 103, 118-20 (1992) (O'Connor, J., concurring) (suggesting that prevailing party standards for attorney fees under 42 U.S.C. § 1988 and costs under Rule 54(d) are synonymous). It is not surprising, then, that in the wake of *Buckhannon*, several circuits have applied *Buckhannon*'s "prevailing party" analysis to requests for costs under Rule 54(d) as well. *E.g., Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 835-36 (6th Cir. 2005); *Miles v. California*, 320 F.3d 986, 989 (9th Cir. 2003); *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1319-20 (Fed. Cir. 2004).

7

It appears that the Seventh Circuit has yet to speak directly to whether *Buckhannon*'s "prevailing party" analysis applies to requests for costs under Rule 54(d). However, in a recent decision, the court stated that *Buckhannon* suggests the "prevailing party" analysis might be different in the context of costs from what it is in the context of fees, and then remanded the case to the district court to consider that question.[3] *Petersen v. Gibson*, 372 F.3d 862, 867-68 (7th Cir. 2004) (citing *Buckhannon*, 532 U.S. 606 n.8). Conversely, the Second Circuit, citing to the same footnote[4] in *Buckhannon* that gave rise to the Seventh Circuit's concern, stated that "although

---

[3] The district court had simply awarded costs without any discussion, and the parties had not distinguished between costs and fees in their briefs. *Petersen*, 372 F.3d at 867-68.

[4] The footnote reads in its entirety:

Although the dissenters seek support from *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 4 S. Ct. 510, 28 L. Ed. 462 (1884), that case involved costs, not attorney's fees. "[B]y the long established practice and universally recognized rule of the common law . . . the prevailing party is entitled to recover a judgment for costs," *id.*, at 387, 4 S. CT. 510, but "the rule 'has long been that attorney's fees are not ordinarily recoverable,' " *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 257, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975) (quoting *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717, 87 S. Ct. 1404, 18 L. Ed. 2d 475 (1967)). Courts generally, and this Court in particular, then and now, have a presumptive rule for costs which the Court in its discretion may vary. *See, e.g.*, this Court's Rule 43.2 ("If the Court reverses or vacates a judgment, the respondent or appellee shall pay costs unless the Court otherwise orders"). In *Mansfield*, the defendants had successfully removed the case to federal court, successfully opposed the plaintiffs' motion to remand the case to state court, lost on the merits of the case, and then reversed course and successfully argued in this Court that the lower federal court had no jurisdiction. The Court awarded costs to the plaintiffs, even though they had lost and the defendants won on the jurisdictional issue, which was the only question this Court decided. In no ordinary sense of the word can the plaintiffs have been said to be the prevailing party here—they lost and their opponents won on the only litigated issue—so the Court's use of the term must be regarded as a figurative rather than a literal one, justifying the departure from the presumptive rule allowing costs to the prevailing party because of the obvious equities favoring the plaintiffs. The Court employed its discretion to recognize that the plaintiffs had been the victims of the defendants' legally successful whipsawing tactics.

8

*Buckhannon* acknowledged the historical distinction between 'costs' and 'attorney's fees,' . . . the Court did not suggest—and there is no reason to conclude—that the distinction affects the meaning of the separate term 'prevailing party.'" *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 101 (2d Cir. 2006) (citing *Buckhannon*, 532 U.S. 606 n.8). I find persuasive the Second Circuit's reading of the *Buckhannon* footnote that concerned the Seventh Circuit. The footnote does not suggest that the distinction between "costs" and "attorney's fees" affects the meaning of "prevailing party."

Applying *Buckhannon* to this case, then, I conclude that Brewer is not a prevailing party. Although defendants' agreed to reopen Brewer's bar application and to forego the requirement that she submit to a psychological evaluation at her own expense—thereby giving Brewer at least some of the relief she sought, the change in the parties' legal relationship was not court-ordered. Rather, the case was simply dismissed as moot in light of defendants' voluntary change in conduct, which is clearly an insufficient basis for claiming status as a prevailing party. *Buckhannon*, 532 U.S. at 605.

**II. Motion to Unseal Document**

On February 20, 2007, Brewer filed a sealed motion to proceed *in forma pauperis* on appeal. As the court was not satisfied that Brewer met the poverty requirements of 28 U.S.C. § 1915, that

---

*Buckhannon*, 532 U.S. 606 n.8. In his concurrence, Justice Scalia characterized the plaintiffs in *Mansfield* as having prevailed in the sense that "defendants' original position as to jurisdiction was defeated." *Id.* at 614 n.2. (Scalia, J., concurring). According to the *Buckhannon* dissent, *Mansfield* undercut the majority holding in that the *Mansfield* Court had awarded costs to a party it clearly regarded as not having prevailed. *Id.* at 630 (Ginsburg, J., dissenting)

9

motion was denied. (Order of February 22, 2007.) Defendants have filed a motion to unseal that docket entry, and Brewer has not responded to the motion to unseal.

"The general rule is that the record of a judicial proceeding is public." *Jessup v. Luther*, 277 F.3d 926, 927 (7th Cir. 2002) (citations omitted). This "strong presumption" of openness serves the values protected by the free-speech and free-press clauses of the First Amendment, and also enables the public to monitor judicial performance. *Id.* at 928. Nevertheless, "[w]hen there is a compelling interest in secrecy, as in the case of trade secrets, the identity of informers, and the privacy of children, portions and in extreme cases the entirety of a trial record can be sealed." *Id.* Decisions regarding access to judicial records and documents are left to the discretion of the court. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978); *Matter of EyeCare Physicians of Am.*, 100 F.3d 514, 517-18 (7th Cir. 1996) (citing *Nixon*). When making its decision, the court is to weigh the competing interests on a case-by-case basis. *Jessup*, 277 F.3d at 928.

Brewer provided the court no basis for sealing her motion, leaving the court to surmise as to her motive. Given that the motion consisted solely of her petition to proceed *in forma pauperis* on appeal and an affidavit in support thereof, it would seem that she simply wishes to keep her financial information away from the curious. While such a wish is understandable, I find it is not a sufficiently compelling interest to justify closure of this part of the record.

**CONCLUSION**

Brewer is not entitled to costs as a prevailing party under Rule 54(d)(1) on at least two grounds. First, she failed to request her costs in timely fashion. And even if she had timely filed, she cannot be considered the prevailing party, which is a condition to recovery of costs under Rule

10

54(d). As to the motion to unseal, Brewer has not provided, and the court cannot discern, a compelling reason to keep the docket entry sealed in light of the strong presumption of open judicial records.

**IT IS THEREFORE ORDERED** that plaintiff's motion to award costs is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion to unseal Dkt. #177 is **GRANTED**.

Dated this      17th      day of April, 2007.

                                                    s/ William C. Griesbach
                                                    William C. Griesbach
                                                    United States District Judge